UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20619-CIV-Graham/Goodman

STEVEN T. ASH, Individually and as Parent and
Natural Guardian of TYLER ASH and KELSEY
ASH (minors); ANASTASIOS BOUSSOULAS,
Individually and as Parent and Natural Guardian of
ELIAS BOUSSOULAS and PETER BOUSSOULAS
(minors); WILLIAM K. DEAL; SHELBY W. DEAL;
WILLIAM HEATH DEAL; DAWN DEAL, Individually
and as Parent and Natural Guardian of HANNAH C. DEAL,
WILLIAM HAYDEN DEAL and CONNOR H. DEAL
(minors); JOSHUA A. DREITH; NICHOLAS A. DREITH;
RICHARD R. GROSS, Individually and as Parent and Natural
Guardian of EVAN GROSS and AUSTIN GROSS (minors);
DEBRA HILL; ERIN HILL; ROBERT JACOBS, Individually
and as Parent and Natural Guardian of BRITTANY JACOBS
and BRANDON JACOBS (minors); JOYCE LEE, WENDY
PADILLA; MATTHEW G. STEED; NICOLE STEED; and
HAN YOO,

    *Plaintiffs*,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
RDVT SAR d/b/a RENDEZVOUS TOUR COMPANY,
DUTCH TOURS ENTERPRISES N.V., and
XYZ CORPORATION(S),

    *Defendants.*

STEVEN T. ASH, Individually and as Parent and
Natural Guardian of TYLER ASH and KELSEY
ASH (minors); ANASTASIOS BOUSSOULAS,
Individually and as Parent and Natural Guardian of
ELIAS BOUSSOULAS and PETER BOUSSOULAS
(minors); WILLIAM K. DEAL; SHELBY W. DEAL;
WILLIAM HEATH DEAL; DAWN DEAL, Individually
and as Parent and Natural Guardian of HANNAH C. DEAL,
WILLIAM HAYDEN DEAL and CONNOR H. DEAL
(minors); JOSHUA A. DREITH; NICHOLAS A. DREITH;
RICHARD R. GROSS, Individually and as Parent and Natural
Guardian of EVAN GROSS and AUSTIN GROSS (minors);

DEBRA HILL; ERIN HILL; ROBERT JACOBS, Individually
and as Parent and Natural Guardian of BRITTANY JACOBS
and BRANDON JACOBS (minors); JOYCE LEE, WENDY
PADILLA; MATTHEW G. STEED; NICOLE STEED; and
HAN YOO,

    Garnishors,

v.

ROYAL CARIBBEAN CRUISES LTD., CLEEBRITY CRUISES INC., CARNIVAL CORPORATION and SILVERSEA CRUISES LTD ( INC)

    Garnishees,

_____/

## DUTCH TOURS ENTERPRISES N.V.'S ANSWER AND AFFIRMATIVE DEFENSES DIRECTED SOLELY TO PLAINTIFFS' RULE B ATTACHMENT AND GARNISHMENT (COUNT VI) AND REQUEST FOR RULE E(4)(F) HEARING

Defendant, DUTCH TOURS ENTERPRISES, N.V. ("Dutch Tours" or "Defendant"), by and through the undersigned counsel, and pursuant to Adm. Supp. Rule E(8), hereby appears for the limited and restricted purpose of defending against the Rule B Attachment and Garnishment action filed by Plaintiff against the property of Dutch Tours in the possession of third parties. Dutch Tours hereby serves its Answer and Affirmative Defenses solely to Count VI of Plaintiffs' Complaint, which pertains to Rule B attachment and garnishment. Dutch Tours does not submit to the jurisdiction of this Court for any purpose, and specifically denies that it is subject to the jurisdiction of this Court for any purpose.

Dutch Tours hereby requests a Rule E(4)(f) Hearing with respect to Plaintiffs' wrongful attachment and garnishment of Dutch Tours' property, including "past, present and future earnings" from Tour Operator Agreements with Garnishees RCCL, Celebrity Cruises, Inc, Carnival Corporation and Silversea Cruises Ltd. (INC). The attachment and garnishment must be vacated as the attachment and garnishment are improper, and such monies are not subject to attachment and garnishment. Moreover, this Court is without admiralty subject matter

2

jurisdiction for any attachment and garnishment pursuant to Supplemental Rule B.

Defendant's limited Answer and Affirmative Defenses to Count VI of Plaintiff's Complaint are set forth herein. On December 18, 2013, this Court dismissed all *in personam* claims against Dutch Tours for lack of personal jurisdiction. (DE 90). **All allegations not otherwise expressly admitted herein as they pertain to Count VI only of Plaintiff's Complaint are denied.**

## ANSWER

### PRELIMINARY ALLEGATONS AS THEY PERTAIN TO COUNT VI ONLY

1. Without knowledge; therefore denied.

2. Without knowledge; therefore denied.

3. Without knowledge; therefore denied.

4. Without knowledge as to the allegations regarding the monetary amount of the matter in controversy, and therefore denies same. Without knowledge as to whether diversity jurisdiction applies, and therefore denies same. Denied that this matter is subject to the admiralty and maritime jurisdiction of the Court.

5. Without knowledge; therefore, denied, including all subparagraphs.

6. (a) Admitted only that Dutch Tours does not have an office in this state and/or country. Denied as to the remainder of the allegations.

   (b) Admitted that Dutch Tours, at various time, had contractual agreements with such entities. Denied as to the remainder of the allegations.

7. Denied that Dutch Tours is subject to the jurisdiction of the Courts of this state. To the remaining allegations, without knowledge, therefore denied.

8. Defendant denies that it is subject to the jurisdiction of the Courts of this state. To the remaining allegations, without knowledge, therefore denied.

9. Denied.

10. Without knowledge; therefore denied.

11. Denied.

12 Denied.

13. Admitted that Dutch Tours has entered into contracts with cruise lines to operate excursions solely in St. Maarten.  Otherwise, without knowledge; therefore, denied.

14. Without knowledge; therefore denied.

15. Without knowledge; therefore denied.

16. Without knowledge; therefore denied.

17. Without knowledge; therefore denied.

18. Without knowledge; therefore denied.

19. Without knowledge; therefore denied.

20. Without knowledge; therefore denied.

21. Without knowledge; therefore denied.

22. Without knowledge; therefore denied.

23. Without knowledge; therefore denied.

24. Without knowledge; therefore denied.

25. Denied as to Dutch Tours, including all subparagraphs.  Otherwise, without knowledge, therefore, denied, including all subparagraphs.

26. Denied.

27. Without knowledge; therefore denied.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

28. Denied as to Dutch Tours, including all subparagraphs. Otherwise, without knowledge; therefore, denied, including all subparagraphs.

29. Denied as to Dutch Tours. Otherwise, without knowledge; therefore, denied.

30. Without knowledge; therefore, denied.

31. Without knowledge; therefore, denied.

32. Denied as to Dutch Tours. Otherwise, without knowledge; therefore, denied.

## COUNT I – NEGLIGENCE AGAINST RCCL

Paragraphs 33 through 39 are directed at RCCL.

## COUNT II – NEGLIGENCE AGAINST THE EXCURSION ENTITIES

On December 18, 2013, this Court dismissed all *in personam* claims against Dutch Tours for lack of personal jurisdiction. (DE 90).

## COUNT III – APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST RCCL

Paragraphs 47 through 54 are directed at RCCL.

## COUNT IV – JOINT VENTURE BETWEEN RCCL AND THE EXCURSION ENTITIES

On December 18, 2013, this Court dismissed all *in personam* claims against Dutch Tours for lack of personal jurisdiction. (DE 90).

## COUNT V – THIRD PARTY BENEFICIARY

On December 18, 2013, this Court dismissed all *in personam* claims against Dutch Tours for lack of personal jurisdiction. (DE 90).

## COUNT VI-QUASI IN REM ATTACHMENT AND GARNSIHMENT AGAINST DUTCH TOURS ENTEPRISES NV.

Defendant incorporates its responses to paragraphs one (1) through thirty-two (32) as though alleged originally herein.

72. Denied.

73. Without knowledge; therefore denied.

74. Without knowledge; therefore denied.

75. Admitted that this Court does not have personal jurisdiction over Dutch Tours.

76. Denied.

77. Without knowledge; therefore denied.

## AFFIRMATIVE DEFENSES

1. The cause of action alleged in Count VI is barred, in whole or in part, for failure to state a cause of action.

2. The cause of action alleged in Count VI is barred, in whole or in part, because plaintiff has no clear legal right to the attachment and garnishment relief request.

3. The cause of action alleged in Count VI of Plaintiff's Complaint is barred, in whole or in part, because Dutch Tours is not indebted to garnishees pursuant to plaintiff's writ. Because any attachment and garnishment by Plaintiff is wrongful, Dutch Tours is entitled to an appropriate set-off against Plaintiff for all attorney's fees, costs, expenses and damages suffered by Dutch Tours as a result of Plaintiff's wrongful attachment and garnishment.

4. The cause of action alleged in Count VI is barred, in whole and in part, because plaintiff has unclean hands.

5. The cause of action alleged in Count VI is barred, in whole or in part, for lack of personal jurisdiction.

6. The cause of action alleged in Count VI is barred, in whole or in part, for lack of subject matter jurisdiction.

7. The cause of action alleged in Count VI is barred, in whole or in part, because this matter is not subject to the admiralty jurisdiction of this Court.

8. The cause of action alleged in Count VI is barred, in whole or in part, due to the doctrine of waiver.

9. Defendant reserves the right to seek sanctions, including reasonable attorneys' fees and costs for the wrongful attachment and garnishment of Defendant's property.

10. This cause of action is barred because this is not a maritime claim.

WHEREFORE, Plaintiff's claim for relief as to Count VI should be denied and the Writ vacated. A Rule E(4)(f) Hearing should be convened in conformance with Local Adm. Rule B(5)(b). Judgment should be entered in favor the Defendant, including the award of reasonable fees and costs as authorized by statues, rules of court and/or this Court's inherent power, including Local Adm. Rule B(5)(b) . Defendant prays for an award of another relief as the Court deems just and equitable.

Dated:    February 3, 2014
          Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/ *Noah D. Silverman*
   Jeffrey E. Foreman, Esq.
   Florida Bar No. 0240310
   jforeman@fflegal.com
   Noah D. Silverman, Esq.
   Florida Bar No. 0401277
   nsilverman@fflegal.com
   Tyler J. Tanner, Esq.
   Florida Bar No. 84737
   ttanner@fflegal.com
   One Biscayne Tower, Suite 2300
   2 South Biscayne Boulevard
   Miami, FL  33131

Phone: 305-358-6555<br>
Fax: 305-374-9077<br>
*Attorneys for Defendant, Dutch*<br>
*Tours Enterprises, N.V.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/ *Noah D. Silverman*<br>
Noah D. Silverman, Esq.

**SERVICE LIST**
**CASE NO.  13-20619-CIV-Graham/Goodman**

Michael A. Winkleman, Esq.
mwinkleman@lipcon.com
Eric C. Morales, Esq.
emorales@lipcon.com
Lipcon, Margulies, Alsina & Winkleman, PA
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-373-3016
Fax: 305-373-6204
*Attorneys for Plaintiffs*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Tyler J. Tanner, Esq.
ttanner@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant, Dutch Tours Enterprises N.V.*

Armando Pedro Rubio, Esq.
armando.rubio@csklegal.com
Trevor George Hawes, Esq.
trevor.hawes@csklegal.com
Cole, Scott & Kissane, PA
Dadeland Centre II
9150 South Dadeland Boulevard
Suite 1400
Miami, FL 33156
Telephone: 305-350-5300
Facsimile: 305-373-2294
*Attorneys for Defendants, Royal Caribbean Cruises, Ltd and Rendezvous Tour Company*