UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 13-20619-CIV-Goodman
[CONSENT CASE]

STEVEN T. ASH, Individually and as Parent and
Natural Guardian of TYLER ASH and KELSEY
ASH (minors); ANASTASIOS BOUSSOULAS,
Individually and as Parent and Natural Guardian of
ELIAS BOUSSOULAS and PETER BOUSSOULAS
(minors); WILLIAM K. DEAL; SHELBY W. DEAL;
WILLIAM HEATH DEAL; DAWN DEAL, Individually
and as Parent and Natural Guardian of HANNAH C. DEAL,
WILLIAM HAYDEN DEAL and CONNOR H. DEAL
(minors); JOSHUA A. DREITH; NICHOLAS A. DREITH;
RICHARD R. GROSS, Individually and as Parent and Natural
Guardian of EVAN GROSS and AUSTIN GROSS (minors);
DEBRA HILL; ERIN HILL; ROBERT JACOBS, Individually
and as Parent and Natural Guardian of BRITTANY JACOBS
and BRANDON JACOBS (minors); JOYCE LEE, WENDY
PADILLA; MATTHEW G. STEED; NICOLE STEED; and
HAN YOO,

    *Plaintiffs*,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
RDVT SAR d/b/a RENDEZVOUS TOUR COMPANY,
DUTCH TOURS ENTERPRISES N.V., and
XYZ CORPORATION(S),

    *Defendants*.
_____/

STEVEN T. ASH, Individually and as Parent and
Natural Guardian of TYLER ASH and KELSEY
ASH (minors); ANASTASIOS BOUSSOULAS,
Individually and as Parent and Natural Guardian of
ELIAS BOUSSOULAS and PETER BOUSSOULAS
(minors); WILLIAM K. DEAL; SHELBY W. DEAL;
WILLIAM HEATH DEAL; DAWN DEAL, Individually
and as Parent and Natural Guardian of HANNAH C. DEAL,

WILLIAM HAYDEN DEAL and CONNOR H. DEAL
(minors); JOSHUA A. DREITH; NICHOLAS A. DREITH;
RICHARD R. GROSS, Individually and as Parent and Natural
Guardian of EVAN GROSS and AUSTIN GROSS (minors);
DEBRA HILL; ERIN HILL; ROBERT JACOBS, Individually
and as Parent and Natural Guardian of BRITTANY JACOBS
and BRANDON JACOBS (minors); JOYCE LEE, WENDY
PADILLA; MATTHEW G. STEED; NICOLE STEED; and
HAN YOO,

  *Garnishors,*

Vs.

ROYAL CARIBBEAN CRUISES LTD., CELEBRITY CRUISES INC.,
CARNIVAL CORPORATION, and SILVERSEA CRUISES LTD. (INC.),

  *Garnishees.*

_____/

## DUTCH TOURS ENTERPRISES N.V.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' COMPLAINT FOR WRIT OF ATTACHMENT AND GARNISHMENT

Defendant, DUTCH TOURS ENTERPRISES, N.V. ("Dutch Tours" or "Defendant"), by and through undersigned counsel, and pursuant to S.D. Local Rule 7.1 (E.), S.D. Local Rule Admiralty Rule B(5), Supplemental Rule E (4)(f) and in accord with Supplemental Rule E(8), hereby appears for the limited and restricted purpose of defending against the Rule B Attachment and Garnishment action filed by Plaintiffs against the property of Dutch Tours in the possession of third parties.  Dutch Tours hereby files this Memorandum of Law as required by the February 5, 2014, Order requiring the parties to file a pre-conference memorandum of law. (D.E. 107).

### INTRODUCTION

This lawsuit revolves around a bus accident in St. Maarten.  Cruise passengers from the cruise ship *Freedom of the Seas*, boarded a bus owned to a zip-line shore excursion called

2

Loterie Farm Treetop Adventure Tour. The passenger Plaintiffs allege that they suffered injuries when the bus driver lost control of the bus and crashed into a ditch  The passengers filed suit against Royal Caribbean, ("RCCL") Rendezvous Tour Company ("Rendezvous") and Dutch Tours Enterprises, N.V. ("Dutch Tours), which operated the bus.

This Court granted Dutch Tours' motion to dismiss based on lack of personal jurisdiction. (D.E. 90). Without a basis to assert *in personam jurisdiction* over Dutch Tours, Plaintiffs now allege in their Amended Complaint that their claims against Dutch Tours and Rendezvous (the Excursion Entities) constitute a maritime tort, thereby invoking this Court's admiralty jurisdiction and allowing for pre-judgment seizure of Dutch Tours' property pursuant to Federal Admiralty Rule B.  As of the date of filing, it does not appear from the docket that the Plaintiffs have filed a return of service with respect to any of the Cruise Line Garnishees.   Thus it is not clear at this time whether the Garnishees hold any property of Dutch Tours in this district. Without such property in the district, no Rule B jurisdiction exists. No Rule B jurisdiction against Dutch Tours exists in any event; Plaintiff cannot properly invoke this Court's admiralty jurisdiction under the facts of this lawsuit. Thus, should the Garnishees hold any property of Dutch Tours within this district, and should this Court issue an Order Directing the Issuance of Summons and Process and of Maritime Attachment and Garnishment on account of the bus accident in St. Maarten, the pre-judgment seizure should be vacated, and this action dismissed.

## PROCEDURAL FACTS

Plaintiffs' initial Complaint alleged that the Excursion Entities are subject to jurisdiction of the Court because they maintained an office and sell shore excursions through RCCL's website which is administered in Florida, (D.E. 1. ¶ 14).  This Court found, however, that the Plaintiffs failed to allege facts showing that Dutch Tours itself operated, conducted, engaged in

3

or carried on a business or business venture in Florida, or that Dutch Tours has an office or agency in Florida. The Court found that Dutch Tours' business activities are exclusive to St. Maarten, having no employees, real or personal property or assets in the State of Florida. (D.E. 90 at 5). This Court held that Dutch Tours does not directly sell tickets for its excursion in Florida, and had no control over how RCCL sells tickets for excursions in St. Maarten. (D.E. 90 at 6).

In addition, this Court rejected the Plaintiffs' suggestion that Dutch Tours was conducting business in Florida through an agency or joint venture relationship with RCCL. (D.E. 90 at 6). The Court found that Dutch Tours was an independent contractor and that neither RCCL nor Dutch Tours were each other's agent, respectively. In conclusion, this Court found that the record evidence demonstrated that Dutch Tours' minimal contracts with Florida were not sufficiently systematic and continuous to confer general jurisdiction. This Court granted Dutch Tours' Motion to Dismiss.

On January 16, 2014, the Plaintiffs filed a Verified Amended Complaint Praying for Attachment Pursuant to Supplemental Rule B, alleging Negligence (Counts I and II), Apparent Agency or Agency by Estoppel Claim against RCCL (Count III), Joint Venture Between RCCL and the Excursion Entities (Count IV), Third Party Beneficiary (Count V) and seeking Quasi in Rem Attachment and Garnishment against Dutch Tours Enterprises N.V. (Count VI). (Amended Complaint, D.E. 99). The sole basis of jurisdiction alleged in the Complaint is that the Defendants committed a maritime tort. On February 3, 2014, Dutch Tours, appeared for the limited and restricted purpose of defending against the Rule B Attachment and Garnishment action filed by Plaintiffs against the property of Dutch Tours in the possession of third

4

parties.(D.E. 106).  On February 5, 2014, this Court issued an order requiring the parties to file a pre-conference memorandum of law. (D.E. 107).

## EVIDENTIARY FACTS

Dutch Tours is a corporation organized and existing under the laws of Saint Maarten. It is in the business of providing bus tours and transportation services in Saint Maarten. (D.E. 20-1 ¶¶ 3-4).  Dutch Tours does not directly sell excursion tickets in Florida and has no control over Royal Caribbean Cruises or any other cruise line that sells tickets for the excursions that Dutch Tours operates in Saint Maarten.(D.E. 20-1, ¶16). Dutch Tours and Royal Caribbean are separate and distinct business entities, with completely different shareholders, management structure, personnel, assets, liabilities and offices. (D.E. 20-1 ¶ 26).

In support of its Motion to Dismiss, Dutch Tours produced a Tour Operator Agreement between Royal Caribbean and Dutch Tours. (D.E. 20-3).  The subject matter of the agreement was the provision of services for a limited number of specific excursions.  The Loterie Farm TreeTop Adventure Tour, the excursion which is the subject matter of the Plaintiffs' lawsuit, is *not* one of the excursions to be provided by Dutch Tours pursuant to its contract with Royal Caribbean. In fact, Defendant Rendezvous, not Dutch Tours, contracted with Royal Caribbean to provide the Loterie Farm TreeTop Adventure Tour.  There was no contract or any agreement between Dutch Tours and  Royal Caribbean which addresses this excursion. Thus, in the subject accident, Dutch Tours was not the operator of the subject shore excursion; it merely provided transportation for another third-party entity. (D.E. 20-1, ¶ 24).

In their Amended Complaint, Plaintiffs suggest that Dutch Tours was conducting business in Florida though an agency or joint venture relationship with RCCL in order to obtain

5

maritime jurisdiction. (D.E. 99, ¶¶25, 28). This Court has already rejected these allegations. (D.E. 90 at 7).

## MEMORANDUM OF LAW
### Overview of Rule B

Rule B provides the availability of a temporary prejudgment remedy to the plaintiff via attachment and garnishment of the defendant's property, in an *in personam* claim. Rule B is applicable only when the defendant's property is present within the district but the defendant himself is "not found within the district." *Madredues Shipping Co. Ltd v. Century Bridge Chartering Co., Ltd*, 2000 U.S. Dist. Lexis 20874 (S.D. Fla. 2000). The court asserts "quasi in rem jurisdiction" over an absent defendant via the presence of the defendant's property in the court's geographical jurisdiction irrespective of the relationship between the property and the claim. Thus, under a Rule B attachment, the court derives its jurisdiction over the defendant solely from its authority over the attached property or its substitute security. While Rule B is able to serve a dual purpose in securing jurisdiction over an absent party and/or assuring satisfaction of any judgments in the plaintiff's favor, the verified complaint which alleges entitlement to the attachment <u>must be for an admiralty or maritime claim</u> as stipulated by scope of the Supplemental Rules in Rule A. *See Auroa Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F. 3d 44, 48 (2nd Cir. 1996).

Absent admiralty subject matter jurisdiction, the court may not implement a Rule B attachment and garnishment. Supplemental Rule A. When considering subject matter jurisdiction, the Court may take into account matters outside the pleadings, including testimony and affidavits. *Complaint of Bridges Enterprises, Inc.*, 2003 U.S. Dist. Lexis 24747 (S.D. Fla. 2003). When a defendant challenges a Rule B attachment, *the burden is on the plaintiff* to prove

6

that there are reasonable grounds for issuing the writ. *Salazar v. Atlantic Sun*, 881 F. 2d 73, 79 (3rd Cir. 1989). Without such grounds, the writ must be vacated.

### Maritime Tort

The basis for Plaintiff's Rule B Attachment and Garnishment action claim is a maritime tort resulting from a bus accident in St. Maarten. (Amended Complaint, D.E. #99, ¶24) A party seeking to invoke federal admiralty jurisdiction over a tort claim must satisfy the conditions both of location and of connection with maritime activity. *Doe v. Celebrity Cruises*, 394 F. 3d 891, 900 (11th Cir. 2004); *Lewis Charters, Inc. v. Huckins Yacht Corporation*, 871 F. 2d 1046 (11th Cir. 1989) . In this case, federal maritime jurisdiction cannot be established.

First, Plaintiffs cannot satisfy the condition of location because the alleged negligence occurred on land, and no negligence on land was caused by a vessel in navigable water. Indeed, any alleged negligence in this case was instantaneous: the driver of the bus swerved to avoid another car on a narrow and winding road which did not have the right of way. Second, Plaintiffs cannot satisfy the condition of connection with a maritime activity. In order to determine whether this tort has any connection with maritime activity, the court must examine two issues: 1) the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce; and 2) whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Doe*, 394 F. 3d at 900, *citing Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 634, 115 S.Ct 1043, 130 L. 2d 1024 ( 1995). In analyzing this issue the court must first characterize the incident. In *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892 (1990), the Supreme Court held that the potential impact on commerce must be judged in terms of the <u>general characteristics of the activity</u>, not the particular facts of the incident or the actual effect it

had. In this case, the Plaintiffs cannot satisfy the condition of a connection with maritime activity. It is clear that a bus accident traveling to a zip lining event has no connection to maritime activity.[1]

Plaintiffs may argue that the failure of the cruise line to warn of known dangers can be a maritime tort. *Carlisle v. Ulysses Line Ltd.*, S.A. 475 So. 2d 248 (Fla. 3d DC 1985). Although failure of a cruise line to warn may be a maritime tort, where, as here, *the alleged negligence is not that of a cruise line, but rather of a land based bus company which provided transportation on land to cruise ship passengers and other*, there is no maritime jurisdiction. *See Goodwin v. Rios Tropicales, S.A. and Swiss Travel Services, S.A.*, 2005 U.S. Dist Lexis 35878 (S.D. Fla. November 18, 2005) (cruise line's failure to warn is distinguishable from case where the alleged negligence is that of a land-based tour operator which provided inland river rafting tours to cruise ship passengers.).

---

[1] Plaintiffs allege that RCCL sold excursion tickets to the Plaintiffs, as part of the voyage of the subject cruise. ( D.E. #99, ¶23) . To the extent that Plaintiffs seek to invoke admiralty jurisdiction based on the sale of the shore excursion ticket, this attempt will be unavailing. A contract is not considered maritime merely because the services performed have reference to a ship. *Venezuelan Container Line C.A. v. Navitran Coproation,* 792 F. Supp. 1281 (S.D. Fla. 1991). The Eleventh Circuit has held that "the nature of the disputed contract, not the status or alignment of parties, is the crucial inquiry in determining whether a contact is in admiralty." *Ambassador Factors v. Rhein-Mass und See –Schiffahrtskontor GMBH,* 105 F. 3d 1397, 1398 (11th Cir. 1997). In order to be considered maritime, there must be a direct and substantial link between the contract and the operation fo the ship, its navigation or its management afloat. In this case Dutch Tours did not provide the excursion, a zip lining trip, but merely provided the transportation to the zip-lining, and thus any contract was with the provider of the excursion, not Dutch Tours. The selling of this shore excursion ticket, however, would not provide admiralty jurisdiction over Dutch Tours in any case because the service performed was taking Plaintiffs on a bus ride to a zip lining event, which is not connected in any way to maritime activity.

8

**The Attachment and Garnishment are Improper as there is no Admiralty Jurisdiction over the Bus Accident in St. Maarten**

Case law supports Dutch Tours' assertion that there is no maritime jurisdiction here. *Goodwin v. Rios Tropicales, S.A. and Swiss Travel Services, S.A.*, 2005 U.S. Dist. Lexis 45878 (S.D. Fla. Nov. 18, 2005), is instructive. In *Goodwin* plaintiff was a cruise ship passenger who alleged that she was injured while on a whitewater rafting shore excursion on the Rio Reventazon, a river in the Republic of Costa Rica. The tour was conducted by defendant Rios Tropicales and was arranged by defendant Swiss Travel Service, S.A., both of whom were Costa Rican entities. Swiss Travel was the ground tour operator; and Rios was the primary operator of a white water rafting tour. The plaintiff purchased a ticket for the river rafting tour aboard the cruise ship and the ticket price was charged on her ship's bill. She was required to sign a Swiss travel form and medical questionnaire. The accident occurred when waves washed over the raft, causing the plaintiff to hit rocks.

The plaintiff in *Goodwin* filed a passenger complaint pursuant to Supplemental B, alleging negligence and seeking *quasi in rem* jurisdiction. The sole basis of jurisdiction was that the Defendants committed a maritime tort causing plaintiff to suffer personal injuries while a passenger on a whitewater rafting trip on a navigable river in Costa Rica. One garnishee, Royal Caribbean, indicated that it was indebted to Swiss Travel. The district court judge issued an order directing the issuance of summons and process of maritime attachment and garnishment.

In support of maritime jurisdiction in *Goodwin*, the plaintiff alleged that she purchased a passenger ticket for the rafting excursion and thereby entered into a maritime contract with defendants. Preparing its Report and Recommendation for the district court, Magistrate Judge Brown found that when looking at a tort claim, the court needed to apply principles of whether or not jurisdiction applied under *tort* theories. *Goodwin v. Rios Tropicales, S.A. and Swiss Travel*

9

*Services, S.A.*, 2005 U.S. Dist. Lexis 45878 at *16-17. <u>Rejecting the Plaintiff's argument that the cruise ship's failure to warn of dangers of whitewater rafting necessarily provided maritime jurisdiction,</u> Magistrate Judge Brown found that the alleged negligence was not of the cruise line but of the tour based operators which provided the rafting tours to the cruise ship passengers.

Applying tort principles, Magistrate Judge Brown found that the plaintiff needed to satisfy conditions both of location and of connection to maritime activity. He found that the plaintiff could not do so. Even if the general activity giving rise to the incident gave rise to a traditional maritime activity because the accident occurred while the plaintiff was riding in a boat as a passenger, there was no maritime jurisdiction because the Rio Revantazon was not a navigable water. Thus, the Plaintiff could not pass the locality test. Magistrate Judge Brown found that there was no maritime tort jurisdiction over the case. The District Court, the Honorable Judge Jordan, adopted the Report and Recommendations of the Magistrate Judge, and dismissed the complaint. Case No. 04-22707 ( S.D. Fla Feb 27, 2006) (D.E #168).

Such case is instructive. Like the plaintiff in *Goodwin,* Plaintiffs here are passengers who allegedly injured themselves on an excursion while passengers on a cruise ship. Like the plaintiff in *Goodwin*, they allege maritime jurisdiction deriving from that accident. Unlike *Goodwin*, however, the lack of maritime jurisdiction in this case is obvious: the excursion did not occur on water, but on land. The alleged negligence was caused by the bus driver attempting to avoid a collision with another vehicle which did not have the right of way. There is absolutely no connection in this case to a traditional maritime activity. Unlike *Goodwin,* Plaintiffs here cannot pass even one prong of the test for maritime jurisdiction.

Similarly, in *In re: Madison Coal & Supply Co, Inc.,* 321 F. Supp 2d 809 (S.D. W.Va 2003), the court ruled that there was no admiralty jurisdiction where a shipowner's employee

became intoxicated and killed another in a car accident on land. The court found that the vessel itself had no part in the automobile accident that occurred on land. *Id.* at \*\*11-12, c*iting Nolty J. Theriot, Inc*, 841 F. Supp 209 (S.D. Tex 1994). The court found that the locality test is not met where the accident occurs on land in an ordinary non-maritime activity twenty miles away from the waterway and the vessel. As to the inquiry whether the incident involved was of a sort with the potential to disrupt maritime commerce, the *Madison Coal* Court rejected the characterization as "negligence of a vessel's captain in control of the vessel's crew resulting in a land-based injury to a third-party caused by the unsupervised crew member." Instead, the Court found that the general features of the incident were best described as a land-based automobile accident between a temporarily off-duty vessel crew member and a third party. Characterized as such, the court found that the activity giving rise to the incident could be characterized as an off-duty seaman operating an automobile on land while intoxicated. Described in this way, the activity was, "without question," not substantially related to a maritime activity. *See In the Matter of the Complaint of Coastal Marine Contractors, LLC,* 2013 U.S. Dist. Lexis 85492 (E.D. La. June 17, 2013 (no admiralty jurisdiction where light fixture falls on head of maritime worker where accident occurs in land-based yard and where there is no potentially disruptive impact on maritime commercial activity); *In the Matter of the Complaint of Catamran Holdings, LLC*, 2010 U.S. Dist. Lexis 124210 (D. Hawaii, Noiv. 22, 2010) (no admiralty jurisdiction where tort, a motor vehicle accident, did not occur on navigable waters and accident bears no relationship to ship on navigable waters).

Similarly, in *In the Matter of the Complaint of Luhr Bros, Inc*., 100 F. Supp. 2d 1156 (E.D. Mo, 2000), the court found that a motor vehicle accident on dry land in which two employees of a vessel were involved did not invoke admiralty jurisdiction. The accident occurred

11

on a highway approximely 45 minutes from where the crewmember disembarked from the vessel. The court found the injuries were not part of a sequence which began on the vessel. Moreover, the court found that the car wreck on dry land had no particular relation to a vessel or maritime commerce, except that the vehicle had passengers going to join a ship.

### Request for Security

Dutch Tours is entitled to adequate security to be posted by Plaintiffs whether or not the attachment is proper. Supplemental Admiralty Rule E(5); *Int'l Ocean Way Corp of Monrovia v. Hyde Park Navigation, Ltd.*, 555 F. Supp. 1047 (S.D. N.Y 1983).

### CONCLUSION

Plaintiffs' Rule B Attachment and Garnishment action filed by Plaintiffs against the property of Dutch Tours in the possession of third parties must be dismissed, and any writ for same must be quashed. Plaintiffs cannot fuflill their burden of demonstrating maritime jurisdiction as the subject car accident occurred on land, was unrelated to a ship in navigation, and the accident bore no relationhip to any traditional maritime activity.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a) (3)

Undersigned counsel hereby certifies that: a) counsel for the parties have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; b) he/she has made reasonable effort (provide specifics) to confer with opposing counsel/party but has been unable to do so.

Dated: February18, 2014
        Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

CASE NO. 13-20619-CIV-Goodman

    BY:    */s/Noah D. Silverman*
              Jeffrey E. Foreman, Esq.
              Florida Bar No. 0240310
              jforeman@fflegal.com
              Noah D. Silverman, Esq.
              Florida Bar No. 0401277
              nsilverman@fflegal.com
              Tyler J. Tanner, Esq.
              Florida Bar No. 84737
              ttanner@fflegal.com
              One Biscayne Tower, Suite 2300
              2 South Biscayne Boulevard
              Miami, FL  33131
              Phone: 305-358-6555
              Fax: 305-374-9077
              *Attorneys for Defendant, Dutch Tours Enterprises, N.V.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

    BY:    /s/*Noah D. Silverman*
              Noah D. Silverman, Esq.

CASE NO. 13-20619-CIV-Goodman

SERVICE LIST
CASE NO.  13-20619-CIV-Magistrate Judge: Jonathan Goodman
[CONSENT CASE]

Michael A. Winkleman, Esq.
mwinkleman@lipcon.com
Eric C. Morales, Esq.
emorales@lipcon.com
Carlos F. Llinas Negret, Esq.
cllinas@lipcon.com
Lipcon, Margulies, Alsina & Winkleman, PA
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-373-3016
Fax: 305-373-6204
*Attorneys for Plaintiffs*

Trevor G. Hawes, Esq.
trevor.hawes@csklegal.com
Cole, Scott & Kissane, PA
4686 Sunbeam Road
Jacksonville, FL  32257
Phone: 904-672-4099
Fax: 904-672-4050
*Attorneys for Defendants, RDVT SAR d/b/a Rendezvous Tour Company, and Royal Caribbean Cruises Ltd.*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Tyler J. Tanner, Esq.
ttanner@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant, Dutch Tours Enterprises N.V.*

Armando P. Rubio, Esq.
armando.rubio@csklegal.com
Brian Dominguez, Esq.
brian.dominguez@csklegal.com
Cole, Scott & Kissane, PA
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, FL  33156
Phone: 786-268-6813
Fax: 305-373-2294
*Attorneys for Defendants, RDVT SAR d/b/a Rendezvous Tour Company, and Royal Caribbean Cruises, Ltd.*