UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20619-CIV-Graham/Goodman

STEVEN T. ASH, et al

    *Plaintiffs*,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
et al,

    *Defendants*.

_____/

## DUTCH TOURS' MEMORANDUM OF LAW IN RESPONSE TO POST-HEARING BRIEFING ORDER

**1**      **How Does Dutch Tours Utilize the Term "Admiralty Jurisdiction?"**

In its Memorandum of Law and at the hearing before this Honorable Court, Dutch Tours used the term "admiralty jurisdiction"[1] to describe the analysis required of a court to determine whether a plaintiff has met the prerequisites for establishing a Rule B claim. As described more fully below, Rule B requires a court to apply the test for determining admiralty jurisdiction (locality and connection to a maritime activity) in its analysis of a plaintiff's claim against each individual defendant.

A maritime attachment should issue only if a plaintiff establishes four factors: (1) **that the plaintiff has a valid prima facie admiralty claim against the defendant**; (2) that the defendant cannot be found within the district; (3) that the defendant's property may be found within the district; and (4) that there is no statutory or maritime law bar to the attachment. *See*

---

[1] Dutch Tours notes that the Rule B advisory notes and the cases interpreting Rule B use the terms "admiralty jurisdiction", "cognizable in admiralty", "maritime claim" and "admiralty claim" interchangeably.

*Williamson v. Recovery Limited Partnership, et al,* 542 F. 3d 43 (2nd Cir. 2008) (emphasis added). The Supplemental Admiralty Rules require that the Rule B attachment and garnishment against a defendant is permitted only where the plaintiff demonstrates that the **claim against the defendant** whose property is sought is a valid prima facie admiralty claim. *See Blue Whale Corp. v. Grand China Shipping Development Co.*, 722 F. 3d 488, 493 (2nd Cir. 2013). In fact, the Advisory Notes to Rule B specifically state that "[[Rule B] envisions that the [attachment] order will issue when the plaintiff makes a prima facie showing that **he has a maritime claim against the defendant** in the amount sued for and the defendant is not present in the district." (emphasis added); *see, also, Board of Commissioners of the Orleans Levfee Dsitrict v. M/v Belle of Orleans, et al*, 2006 AMC 2887 (S.D. Ala. June 23, 2006); *see also, Winter Storm Shipping, Ltd v. TPI*, 2002 AMC 2705, 2710, 310 F. 3d 263, 268 (2nd Cir. 2002) ("maritime attachment is available whenever 'the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty….In other words, the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. §1333 against the defendant), *cert denied*, 539 U.S. 927 (2003)(overruled on other grounds); *see also, Alphamate Commodity GMBH v. CHS Europe SA,* 627 F. 3d 183 (5th Cir. 2010); *Farenco Shipping Co., Ltd v. Farenco Shipping PTE LTD.,* 2012 U.S. Dist Lexis 163469 Nov. 15, 2012). Supplemental Rule E requires that the plaintiff bear the burden of proof to show that the arrest or attachment should not be vacated. *Mason Agency Ltd v. Eastwind Hellas SA,* 2009 Dist. Lexis 89927 (E.D. N.Y 2009).

A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy the conditions both of location and of connection with maritime activity. *Grubart, Inc. v. Great Lakes Dredge & Dock Co*., 513 U.S. 527, 634, 115 S.Ct 1043, 130 L. 2d 1024 (1995); *Doe v. Celebrity Cruises*, 394 F. 3d 891,900 (11th Cir. 2004); *Goodwin*

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

*v. Rios Tropicales, S.A. and Swiss Travel Services, S.A.*, 2005 U.S. Dist. Lexis 45878 (S.D. Fla. Nov. 18, 2005). In order to determine whether an incident constitutes a maritime tort, a court must examine two issues: 1) whether the incident occurred on navigable waters; and 2) connection with a maritime activity. *See Goodwin v. Rios Tropicales, S.A. and Swiss Travel Services, S.A.*, 2005 U.S. Dist. Lexis 45878 (S.D. Fla. Nov. 18, 2005). In *Sisson v. Ruby*, 497 U.S. 358, 110 S. Ct. 2892 (1990), the Supreme Court held that the potential impact on commerce must be judged in terms of the general characteristics of the activity, not the particular facts of the incident or the actual effect it had. To establish a claim for attachment under Rule B, Plaintiffs must establish that they have a maritime claim against Dutch Tours. The Court is required to use the admiralty jurisdiction analysis (locality and connection to a maritime activity) to determine whether the claims against Dutch Tours are, in fact, maritime claims. If Plaintiffs cannot meet this burden, their Rule B claims must be vacated and/or dismissed with prejudice. This analysis is the *sine qua non* of a Rule B claim.

While Plaintiffs also advanced the term "admiralty jurisdiction" at the hearing before this Honorable Court, they used the term as it applies to a court's ability to exercise subject matter jurisdiction over a non-maritime claim pursuant to its supplemental jurisdiction. As discussed more fully in the next section of Dutch Tours' brief, the argument that supplemental jurisdiction turns a non-maritime claim into a maritime claim for the purpose of a Rule B claim is wholly unsupported.

**2. Does a Court in a Rule B *quasi in rem* action against a defendant have admiralty jurisdiction over all defendants if it has admiralty jurisdiction over even one other Defendant? Does the holding in *Belik v. Carlson Travel Group* apply to a *quasi in rem* proceeding?**

No. A court in a Rule B *quasi in rem* action against a defendant does not have admiralty jurisdiction over all defendants if it has admiralty jurisdiction over even one defendant as a court

3

is required to determine, using an admiralty jurisdiction analysis, whether the plaintiff has a maritime claim against each defendant. If Plaintiffs have not established a maritime claim against Dutch Tours, their *quasi in rem* Rule B claim must be vacated. Additionally, the case of *Belik v. Carlson Travel Group,* 2012 WL 4511236 (S.D. Fla. 2012) has no application to the Court's analysis of a Rule B *quasi in rem* claim.

*Belik* does not address the individualized jurisdictional analysis required in a Rule B claim: "whether a plaintiff has **a maritime claim against the defendant** in the amount sued for". *See* Advisory Notes to Supplemental Rule B. In fact, *Belik* does not address a Rule B claim at all. *See Belik v. Carlson Travel Group,* 2012 WL 4511236 (S.D. Fla. 2012). Rather, *Belik* addressed the issue of whether a court could exercise jurisdiction over non-maritime claims if it had admiralty jurisdiction over some of the claims. *Id.* In other words, could the Court hear non-maritime claims in the same action that included maritime claims? In answering yes to this question, Judge Altonaga cited to the Court's ability to hear non-maritime claims by virtue of its supplemental jurisdiction. *Id.*

**The general rule regarding jurisdiction is that when a plaintiff sues multiple defendants, the jurisdictional inquiry must be taken discretely for each defendant.** *See* **Charles Alan Wright et al. Federal Practice and Procedure, §1465, pp. 496-498 (2d Ed. 1990)**. The possible involvement of non-maritime parties in a lawsuit does not affect the traditional inquiry as it applies to the maritime party. *See Grubart, Inc. v. Great Lakes Dredge & DockCo.*, 513 U.S. 527, 634, 115 S.Ct 1043, 130 L. 2d 1024 (1995) (Justice O'Connor concurring). In *Grubart,* Justice O'Connor held that the Court's opinion did not stand for the proposition that "having found admiralty jurisdiction over a particular claim against a particular party, a court must then exercise admiralty jurisdiction over all the claims and parties involved in

the case". *Id.* Rather, the court engages in the usual supplemental jurisdiction and impleader inquiries.[2] *Id.*

Where federal jurisdiction arises over one defendant, a court may exercise supplemental jurisdiction to hear non-maritime claims for the purpose of judicial economy. This is done on a regular basis in admiralty. *See e.g. Commercial Union Insur. Co v. Employer's; Fire Insur. Co.,* 239 F. Supp. 2d 316 (E.D. N.Y. 2003) (exercising supplemental jurisdiction over non-maritime claims); *Debellefeuille v. Vastar Offshore, Inc.,* 139 F. Supp. 2d 821 (S.D. Texas 2001) (in lawsuit pursuant to Longshore and Harbor Workers' Act and Outer Continental Shelf Lands Act, court may exercise supplemental jurisdiction over crane owner where there was no independent admiralty jurisdiction based upon crane owner's own conduct); *Services Seabarge Group, Inc. v. Python High Performance Marine Corp.,* 16 F.3d 1133, 1139, 1994 AMC 2948, 2954 (11th Cir. 1994) ("the district court had ancillary jurisdiction in admiralty to hear the counterclaim . . . [which was a] state-law conversion claim"); *Feigler v. Tidex, Inc.*, 826 F.2d 1435, 1440, 1988 AMC 1922, 1927 (5th Cir. 1987) (upholding the authority of a federal court exercising admiralty jurisdiction to hear a related state-law claim via "pendent-party jurisdiction"); *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039-40 (5th Cir. 1982)[3]; *Insurance Co. of N. America v. S/S Cape Charles*, 843 F. Supp. 893, 895 (S.D. N.Y. 1994).

---

[2] *See Hogben v. Wyndam Interntional, Inc*., 2007 U.S. Dist. Lexis 55792 (S.D. Fla. Aug. 1, 2007)(explaining four-factor test for when ancillary or supplemental jurisdiction applies).

[3] All of the assertions of "ancillary" and "pendent" jurisdiction assert what is today called "supplemental" jurisdiction. *See British Transport Commission v. United States,* 354 U.S. 129, 138, 1957 AMC 1151, 1159 (1957) ("we hold it a necessary concomitant of jurisdiction in a factual situation such as this one [a vessel-collision Limitation of Liability proceeding] that the Court have power to adjudicate all of *the* demands made and arising out of the same disaster"); *Moeller v. Mulvey*, 959 F. Supp. 1102, 1111, 1997 AMC 2486, 2497 (D. Minn. 1996) (holding that non maritime cross-claims between or among claimants in a Limitation of Liability

None of these cases, however, stand for the proposition that the ability to exercise supplemental jurisdiction over non-maritime claims transforms a non-maritime claim into a maritime claim and permits a court to dispense with the jurisdictional inquiry required to determine whether a plaintiff has a maritime claim against a particular defendant in a Rule B attachment. While the plaintiffs use the term "admiralty jurisdiction" as it applies to the Court's discretion to exercise supplemental jurisdiction over the entire lawsuit for the purpose of judicial economy, a court's ability to exercise supplemental jurisdiction simply has no bearing on the jurisdictional analysis required in a Rule B attachment claim, to wit: whether the plaintiff has a maritime claim against the defendant.

Again, *Goodwin v. Rios Tropicales, S.A. and Swiss Travel Services, S.A*., 2005 U.S. Dist. Lexis 45878 (S.D. Fla. Nov. 18, 2005) is instructive. While recognizing that the claims brought against the cruise line could constitute a maritime tort (which would have permitted the Court to exercise admiralty jurisdiction against the cruise ship and, in turn, exercise supplemental jurisdiction against the excursion operator), Magistrate Brown performed the individualized jurisdictional analysis required by Rule B to determine whether the plaintiff had established **a maritime tort against the excursion operator**. *Id.* In applying the Rule B analysis to the excursion operator, Magistrate Brown found that the claim against the excursion operator did not meet the requirements to establish maritime tort jurisdiction and vacated plaintiff's Rule B attachment. *Id.*

In *Williamson v. Recovery Limited Partnership, et al,* 542 F. 3d 43 (2nd Cir. 2008), the court looked to each claim against each defendant individually in conducting its Rule B inquiry.

---

proceeding are before the court on the basis of supplemental jurisdiction and are adjudicated under state substantive law); *In re Poling Transportation Co*., 776 F. Supp. 779, 785-86, 1992 AMC 1075, 1084-85 (S.D.N.Y. 1991) (same holding and reasoning as *Moeller*).

After performing the required jurisdictional analysis of the claims against each individual defendant, the court vacated attachments against the defendants where plaintiff had not established a maritime claim against them (but allowed attachment where a maritime claim had been established against certain defendants). *Id.*

*Goodwin* and *Williamson* both recognize that while a court can have admiralty jurisdiction over some claims against some of the defendants, a court must still conduct an individualized jurisdictional inquiry to determine whether a plaintiff has established a maritime claim against the defendant for the purpose of meeting the requirements of a Rule B attachment. The court's supplemental jurisdiction, which allows a court to hear maritime and non-maritime claims together for the purpose of judicial economy, is simply irrelevant to the issue before the Court. Dutch Tours respectfully submits that the Court is required to apply the jurisdictional analysis to determine if Plaintiffs' has established a maritime claim against Dutch Tours. The undisputed facts of this case are that Dutch Tours is a land based transportation provider (not a maritime concern) and the alleged incident which gives rise to Plaintiffs' claims occurred on land, not on a navigable waterway. Moreover, riding in a bus is not a traditional maritime activity. Simply put, Plaintiff could not have sued Dutch Tours individually in Federal court pursuant to §1333. Accordingly, Dutch Tours respectfully submits that the Plaintiffs' Rule B attachment must be vacated and/or dismissed with prejudice.

**3. Is there a separate and distinct, separate, or additional analysis, above and beyond whether there is admiralty jurisdiction, when assessing a Rule B *quasi in rem* claim?**

Yes. The traditional test for determining admiralty jurisdiction (locality and connection to a maritime activity) is the same as the test for determining whether a plaintiff has established a maritime claim for the purpose of Rule B. However, as articulated herein, Rule B requires a defendant-specific analysis over and above what a court must conduct to determine if it has

7

jurisdiction to hear maritime claims and non-maritime claims together (the traditional admiralty jurisdiction analysis). Put another way, a court's determination of whether a Plaintiff has established a Rule B claim against a defendant does not end when the court determines it has admiralty jurisdiction over one of the parties such that it could assert supplemental jurisdiction over non-maritime claims. For example, while the Court may have admiralty jurisdiction over Royal Caribbean in the instant matter and may have asserted supplemental subject matter jurisdiction over an *in personem* claim asserted against Dutch Tours, Dutch Tours respectfully submits that Rule B requires the Court to perform an individual admiralty jurisdiction analysis of the claims against Dutch Tours in order to determine whether Plaintiffs have a maritime claim against Dutch Tours. As noted above, the application of this analysis to the facts of the instant case leave no question that the claim against Dutch Tours is not a maritime claim. As Plaintiff cannot establish this essential element of a Rule B claim, Plaintiffs' claims against Dutch Tours must be vacated and/or dismissed with prejudice.

      Respectfully submitted,

      **FOREMAN FRIEDMAN, PA**

      BY:    */s/Noah D. Silverman*
              Jeffrey E. Foreman, Esq. (FBN. 0240310)
              jforeman@fflegal.com
              Noah D. Silverman, Esq. (FBN. 0401277)
              nsilverman@fflegal.com
              Tyler J. Tanner, Esq. (FBN 84737)
              Florida Bar No. 84737
              ttanner@fflegal.com
              One Biscayne Tower, Suite 2300
              2 South Biscayne Boulevard
              Miami, FL 33131
              Phone: 305-358-6555/Fax: 305-374-9077
              *Attorneys for Defendant, Dutch Tours Enterprises, N.V.*

CASE NO. 13-20619-CIV-Graham/Goodman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY:   /s/*Noah D. Silverman*
        Noah D. Silverman, Esq.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO. 13-20619-CIV-Graham/Goodman

## SERVICE LIST
## CASE NO. 13-20619-CIV-Magistrate Judge: Jonathan Goodman

Michael A. Winkleman, Esq.
mwinkleman@lipcon.com
Eric C. Morales, Esq.
emorales@lipcon.com
Carlos F. Llinas Negret, Esq.
cllinas@lipcon.com
Lipcon, Margulies, Alsina & Winkleman, PA
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-373-3016
Fax: 305-373-6204
*Attorneys for Plaintiffs/Garnishors*

Curtis J. Mase, Esq.
cmase@mletrial.com
William R. Seitz, Esq.
wseitz@mletrial.com
Mase Lara Eversole
2601 South Bayshore Drive
Miami, FL  33133
Phone: 305-377-3770
Fax: 305-377-0080
*Attorneys for Garnishee, Carnival Corporation*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Tyler J. Tanner, Esq.
ttanner@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant, Dutch Tours Enterprises N.V.*

Armando P. Rubio, Esq.
armando.rubio@csklegal.com
Brian Dominguez, Esq.
brian.dominguez@csklegal.com
Cole, Scott & Kissane, PA
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, FL  33156
Phone: 786-268-6813
Fax: 305-373-2294
*Attorneys for Defendants, RDVT SAR d/b/a Rendezvous Tour Company, and Royal Caribbean Cruises, Ltd. & Garnishee, Royal Caribbean Cruises Ltd.*

Trevor G. Hawes, Esq.
trevor.hawes@csklegal.com
Cole, Scott & Kissane, PA
4686 Sunbeam Road
Jacksonville, FL  32257
Phone: 904-672-4099
Fax: 904-672-4050
*Attorneys for Defendants, RDVT SAR d/b/a Rendezvous Tour Company, and Royal Caribbean Cruises Ltd. & Garnishee, Royal Caribbean Cruises Ltd.*