IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 13-20619-CIV-GOODMAN
[CONSENT CASE]

STEVEN T. ASH, et al.,
     Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
RDVT SAR d/b/a RENDEZVOUS TOUR COMPANY,
and DUTCH TOURS ENTERPRISES N.V.,
     Defendants.
_____/

STEVEN T. ASH, et al.,
     Garnishors,

v.

ROYAL CARIBBEAN CRUISES LTD.,
CELEBRITY CRUISES INC., CARNIVAL
CORPORATION, and SILVERSEA CRUISES LTD. (INC.),
     Garnishees.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Defendants Royal Caribbean Cruises Ltd.,

("Royal Caribbean") and RDVT SAR's[1] ("Rendezvous") Motion to Dismiss Plaintiffs'

Amended Complaint for failure to state a claim. [ECF No. 141]. The Court held a

hearing in this matter on November 18, 2014 (the "Hearing"). For the reasons outlined

_____

[1]     Doing business as "Rendezvous Tour Company."

below, the Court is granting in part and denying in part the Motion. Specifically, the Court grants the motion to dismiss, with leave to amend, consistent with Plaintiffs' Rule 11 obligations, the "third party beneficiary" claim (Count V). The Court denies the motion to dismiss the remaining claims against Royal Caribbean and Rendezvous, for negligence by Royal Caribbean (Count I), negligence by Rendezvous (Count II),[2] "apparent agency" (Count III), and "joint venture" (Count IV).

## I.  Background

This case arises out of a bus accident that occurred on the island of St. Maarten. The twenty-eight Plaintiffs were passengers aboard the *Freedom of the Seas*, a cruise ship operated by defendant Royal Caribbean. While aboard the *Freedom of the Seas*, Plaintiffs each purchased tickets for the "Loterie Farm Treetop Tour" (the "Treetop Tour"), an on-shore zip line excursion in St. Maarten. Royal Caribbean contracted with an on-shore excursion provider, defendant Rendezvous, to provide the Treetop Tour. Rendezvous, in turn, contracted with defendant Dutch Tours Enterprises N.V. ("Dutch Tours," and together with Rendezvous, the "Excursion Entities") to provide bus transportation from the St. Maarten port to the location of the Treetop Tour.

---

[2]      This count also alleges that another on-shore excursion entity, Dutch Tours Enterprises N.V., was negligent, however, that portion of the count is not at issue here. In addition, the Amended Complaint contains, at Count VI, a count solely against Dutch Tours. That count is not at issue here either.

Dutch Tours has direct contracts with Royal Caribbean for *other* excursions but not for the one at issue here.

On July 19, 2012, while en route to the Treetop Tour, the Dutch Tours' bus carrying Plaintiffs crashed. Plaintiffs are suing Defendants for claims related to the injuries they sustained in that crash.

This Court previously dismissed the *in personam* claims against Dutch Tours for lack of personal jurisdiction.  [ECF No. 90].  Plaintiffs then, with leave of the Court, filed an unopposed Verified Amended Complaint (the "Amended Complaint"), which, among other things, included an attachment claim. [ECF No. 99].

The Amended Complaint includes the following six counts: a negligence count against Royal Caribbean (Count I), a negligence count against the Excursion Entities (Count II), a claim titled "apparent agency or agency by estoppel against Royal Caribbean" (Count III) that pleads an alternative means of holding Royal Caribbean liable for negligence, a claim titled "joint venture between [Royal Caribbean] and the Excursion Entities" (Count IV) that pleads a third alternative means of holding Royal Caribbean and the Excursion Entities liable for negligence, a "Third Party Beneficiary" count (Count V) against Royal Caribbean and the Excursion Entities for breach of contract under a third party beneficiary theory, and a Rule B maritime claim (quasi in rem attachment and garnishment) against Dutch Tours (Count VI).

## II. Analysis

### a. The Standard

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the allegations in a complaint. Fed. R. Civ. P. 12(b)(6). Faced with such a motion, a reviewing court accepts all of the allegations in the complaint as true, and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary -- the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).

Under the so-called "plausibility standard" announced in *Twombly*, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In essence, the facts pled in the complaint must "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claim. *Twombly*, 550 U.S. at 556. Notably, *Twombly* does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

4

requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679.

### b. Plaintiffs have Stated a Claim for Negligence Against Royal Caribbean (Count I) and Rendezvous (Count II).

To prevail on a maritime negligence claim, a plaintiff must show that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (internal citation omitted); *see also Hasenfus v. Secord*, 962 F.2d 1556, 1559-60 (11th Cir. 1992) (citing Florida law). It is well established that under federal maritime law, a cruise ship, like any ship owner, owes its passengers only a duty of ordinary, reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *see also Kemarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). This standard requires that the cruise line have "actual or constructive notice of the risk-creating condition" at issue, at least where "the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

Royal Caribbean argues that the negligence claim against it should be dismissed because: (1) "the Amended Complaint does not allege any facts regarding the circumstances surrounding the crash, including what caused the bus driver to lose control and provides no facts supporting allegations that [Royal Caribbean] was in any

5

way at fault;" and, specifically, that (2) the "Amended Complaint does not even identify a dangerous condition, let alone allegations of fact supporting that [Royal Caribbean] knew or should have known about such a condition." [ECF No. 141, pp. 5-6]. Rendezvous argues that the negligence claim against it should be dismissed because Plaintiffs "have not provided any factual allegations to support their conclusory allegations that [Rendezvous] breached its duty of reasonable care under the circumstances." [*Id*. at p. 8].

The Undersigned disagrees. The Amended Complaint includes, at Count I, twenty-five alleged acts and/or omissions by Royal Caribbean and, at Count II, twenty-four alleged acts and/or omissions by the Excursion Entities that allegedly injured Plaintiffs. To be sure, the Amended Complaint offers scant detail in general, and lacks enough detail to support negligence claims grounded in many of these subpart acts and omissions. But the few specific facts alleged are sufficient (albeit barely) to cause these counts to survive the motion-to-dismiss stage.

Some courts in this district have dismissed portions of negligence claims by parsing out certain of the subpart acts and/or omissions in which a plaintiff has failed to state a claim. *See, e.g., Lapidus v. NCL Am. LLC,* No. 12-21183, 2012 WL 2193055, * 3 (S.D. Fla. June 14, 2012). The Undersigned will not do so, because, as discussed here, at least one of those subparts for each count nudges the counts "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiffs have "'sufficiently plead[]

6

facts supporting a single-count negligence claim on at least one of [their] theories of liability; consequently, it is unnecessary to determine if the other theories survive at this stage of the litigation.'" *Caldwell v. Carnival Corp.*, 944 F. Supp. 2d 1219, 1225 (S.D. Fla. 2013) (quoting *McLean v. Carnival Corp.*, No. 12-24295-CIV, 2013 WL 1024257, at *5 n. 4 (S.D. Fla. March 14, 2013)).

### i. Plaintiffs have Properly Pled that Royal Caribbean Failed to Warn them that the Bus Route was Dangerous.

A cruise line has a duty to warn passengers only of those dangers that it "knows or reasonably should have known," and which are not "apparent and obvious to the passenger." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). Plaintiffs have met this burden vis-à-vis a failure to warn about the dangers associated with the route that the bus to the Treetop Tour would take.

On its face, the allegation that a road is steep and narrow might appear to be the quintessential "apparent and obvious" risk. But, in this case, that is not so. At the time that Plaintiffs made the choice to take the Treetop Tour, there was no way they could have known of the path the bus would take -- at that time, the danger was *not* apparent and obvious. The Amended Complaint alleges that Royal Caribbean sold Plaintiffs tickets for the Treetop Tour while they were aboard the *Freedom of the Seas* and that Royal Caribbean was their "exclusive contact" concerning the Treetop Tour until Plaintiffs actually departed on the tour. Plaintiffs did not see the road when they purchased the excursion and Defendants do not allege that Plaintiffs saw the steepness

and narrowness of the road before they left on the bus. Therefore, the allegedly dangerous condition of the road was not apparent and obvious to the passengers.

It is clear that, according to the Amended Complaint, Royal Caribbean had a duty to warn Plaintiffs about the alleged dangers associated with the route that the bus would take to the Treetop Tour because that route posed a risk hidden to Plaintiffs at that time, whereas Royal Caribbean allegedly knew or should have known of the risk at that time. Plaintiffs alleged that Royal Caribbean breached that duty by failing to warn Plaintiffs about the dangers of the bus route, and that this breach was the proximate cause of Plaintiffs' injuries. This is sufficient for Rule 12(b)(6) purposes. Of course, discovery may establish that the road was not unreasonably dangerous or that Royal Caribbean did not know or have reason to know of any dangerous conditions. But that scenario would generate different issues in a different type of motion.

### ii. Plaintiffs have Properly Pled that Rendezvous Failed to Provide a Competent Driver.

In Count II, Plaintiffs allege that the Excursion Entities, including Rendezvous, breached their duty "to provide a competent driver for the transportation used for the subject shore excursion," and that this caused Plaintiffs to "suffer severe and permanent injuries when the bus driver for the [Treetop Tour] lost control of the bus and crashed into a ditch in route to Loterie Farm." [ECF No. 99, p. 15 ¶ 43(l)]. This is enough to support a claim for negligence against Rendezvous. Plaintiffs allege that Rendezvous had a duty to provide a competent driver for the bus to the Treetop Tour, that the

driver was incompetent and therefore Rendezvous breached that duty, and that this caused the Plaintiffs to sustain severe injury. Again, the actual facts developed in discovery may result in a significantly different liability picture. For example, it may well be that the Rendezvous driver was perfectly competent and was not in any way responsible for the collision, which might have been entirely caused by another driver. But for Rule 12(b)(6) purposes, the specific factual allegations are adequate to state a negligence claim against Rendezvous.

### iii. The Undersigned will not Require Additional Factual Support for the Negligence Claims at the Motion to Dismiss Stage.

The Amended Complaint contains only a few actual, specific factual allegations about the circumstances surrounding the transportation to the Treetop Tour and the accident that occurred along the way. But it is not necessary that Plaintiffs allege additional, specific facts; it is only necessary that the allegations in their complaint "raise a reasonable expectation that discovery will reveal evidence" corroborating their claims. *Twombly*, 550 U.S. at 556, 570. Plaintiffs have met that standard here.

As the Eleventh Circuit found in a similar case, "[t]he facts alleged in the complaint are plausible and **raise a reasonable expectation that discovery could supply additional proof** of [Royal Caribbean and Rendezvous'] liability." *Chaparro*, 693 F.3d at 1337 (applying the post-*Iqbal* standard and reversing order granting motion to dismiss personal injury action against cruise line for failure to state a claim arising from the death of a passenger during in-port excursion bus) (emphasis added); *see also*

9

*Prokopenko v. Royal Caribbean Cruise Ltd.*, No. 10-20068, 2010 WL 1524546, at ** 1-2 (S.D. Fla. Apr. 15, 2010) (finding plaintiff's allegation that she "was caused to fall on water on the deck of the ship at or near the swimming pool, causing her serious injury," was "sufficient to draw a reasonable inference of negligence" under *Iqbal*.); *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 19 (1st Cir. 2011) (holding that the cumulative weight of plaintiffs' factual allegations was enough to withstand a motion to dismiss, and that "[a]lthough discovery may reveal facts that belie the plaintiffs' claim, that possibility does not negate its plausibility.") (internal citation omitted).

This case is different than *Zapata v. Royal Caribbean*, which Royal Caribbean and Rendezvous rely on in support of their Motion. No. 12-21897-Civ, 2013 WL 1296298 (S.D. Fla. Mar. 27, 2013). Unlike the complaint in that case, Plaintiffs' Amended Complaint is **not** "so lacking in factual allegations that it resembles a form complaint that could be used by any passenger who was injured during any excursion, while on a cruise." *Id.* at *2. The Undersigned specifically compared the complaints in each case, which were prepared by the same law firm. The complaints do contain many identical allegations. However, in *Zapata*, for whatever reason, plaintiff's counsel completely failed to include *any* specific allegations about exactly what factual events gave rise to the plaintiff's alleged injuries. That is not the case here. Plaintiffs *have* made it clear that they were injured during a bus ride to an on-shore excursion, that the bus traveled over a steep and narrow road, that the bus driver was not competent, and that, in their view,

Royal Caribbean and Rendezvous caused their injuries and are therefore liable for negligence.

The Undersigned recognizes that the present case is less easily distinguishable from *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 WL 2049431 (S.D. Fla. June 5, 2012), the other case on which Defendants principally rely. There, the Court held that the plaintiff failed to allege "any ***facts*** from which it may be inferred that [the cruise line] either knew or should have known of any dangerous or unsafe condition associated with the . . . [excursion]." *Id.* at 5. The plaintiff there, just like Ash and the other plaintiffs here, summarily alleged, without support, that the cruise line knew or should have known of a dangerous condition relating to the way the plaintiff was injured. In the instant, case, it was a bus ride with an allegedly incompetent driver over a steep and narrow road. In *Gayou*, the plaintiff was injured when the zip-line's brake failed and he crashed into a tree. The *Gayou* Court held that this allegation was insufficient to withstand a motion to dismiss because it lacked enough specific supporting facts. Under the *Gayou* approach, the negligence claim here might be dismissed as well, albeit without prejudice. Of course, the *Gayou* Court might not dismiss the negligence count here, as it contains a few more factual allegations. In any event, *Gayou* is not binding, and it is, to be sure, based on a significantly different set of facts and a substantially different type of scenario which caused the injuries.

The Undersigned's approach focuses on the "knew-or-should-have-known" allegation, along with the few facts offered to support that claim, and finds that they are plausible and sufficient to state a negligence claim. It may well be that Plaintiffs here will never obtain evidence that Royal Caribbean or Rendezvous knew or should have known of a danger concerning the transportation component of the excursion. In that event, Defendants may seek summary judgment.

There is one final point to note. As a practical matter, a personal injury plaintiff is often unaware of specific facts demonstrating that the defendant knew or should have known of a dangerous condition at the time the lawsuit is filed, before taking discovery. Plaintiffs sometimes obtain evidence of the defendant's knowledge during discovery, such as by obtaining evidence that the defendant was aware of prior injuries occurring under similar circumstances.

By way of specific example, the Undersigned is aware of a line of other cruise ship personal injury cases in this District that included, like the Amended Complaint here, relatively sparse allegations supporting a negligence claim. Those cases involved a deck material that was arguably unreasonably slippery and several different plaintiffs were injured during slip-and-falls on that particular deck. At the time their complaints were filed, some of the initial plaintiffs in those cases did not know (and likely could not have ever known, without discovery) that the cruise ship operator knew or should have known that the deck material likely was unreasonably slippery. Permitted to

12

proceed with their lawsuits, those first plaintiffs later learned that the cruise ship operator determined that the deck may well have been unreasonably slippery -- and then resurfaced or remediated the decks.

Some of those initial plaintiffs were allowed to proceed past the pleadings stage -- a development which likely would have been impossible had plaintiffs been required to plead comprehensive, specific facts to support the allegation that the defendant cruise ship operator knew or should have known that the deck was unreasonably slippery. Indeed, those initial plaintiffs likely could not have made it past the motion to dismiss stage had they been required to comply with the pleadings standards the Defendants urge here. *See generally*, *Bonnell v. Carnival Corp.*, Case No. 13-22265, ECF No. 38, pp. 17-23 (S.D. Fla. Jan. 8, 2014) (explaining deck resurfacing and discussing whether plaintiff slipped on the resurfaced deck or the small portion which was not remediated).

The motion to dismiss Counts I and II is denied. There are sufficient allegations to support negligence counts against Royal Caribbean and Rendezvous and to permit Plaintiffs to go forward with discovery. *See Doe v. Epstein*, 611 F. Supp. 2d 1339, 1344 (S.D. Fla. 2009) ("The parties will be afforded a liberal opportunity for discovery 'to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *Taylor v. United Techs. Corp.*, No. 3:06CV1494WWE, 2007 WL 2302284, at *3 (D. Conn. Aug. 9,

2007) (analyzing *Twombly* and finding that "[t]his Court recognizes that a complaint must be drafted without the benefit of discovery, and is satisfied that plaintiffs' allegations do satisfy the plausibility standard.").

> c. **Count III, for "Apparent Agency," States an Alternative Theory of Negligence Against Royal Caribbean.**

There is no cause of action for "Agency," and, by extension "Apparent Agency." These are merely legal theories. *See Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009). Its label notwithstanding, Count III advances an alternative theory supporting Plaintiffs' *negligence* count, namely, that Royal Caribbean is liable for the Excursion Entities' negligence because it held those entities out as its agents. While the allegations are inartfully drafted, the Undersigned will, consistent with other courts in this district, construe Count III as an alternative theory of negligence. *See, e.g.*, *Gayou*, 2012 WL 2049431, at *8.

Apparent agency requires that: (1) an alleged principal made a manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment. *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009).

Royal Caribbean has staked its argument that the "Apparent Agency" claim should be dismissed on its position that the negligence claims should be dismissed. According to Royal Caribbean, because "Apparent Agency" is but an alternative theory

of negligence, it cannot survive if the negligence claim is dismissed. This logic is strong, but the argument fails because the negligence claims, as discussed above, will survive this motion to dismiss.

In any event, Plaintiffs have alleged sufficient facts to support this alternative theory of negligence.[3] According to Plaintiffs, Royal Caribbean: (1) allowed its name to be used in advertising the Treetop Tour; (2) made all the arrangements for the tour without disclosing to Plaintiffs that the tour was run by other entities; (3) marketed the tour without disclosing it was run by other entities; (4) maintained an "excursion desk" aboard the cruise ship where it offered and sold the tour without disclosing it was run by other entities; (5) was the exclusive contact for Plaintiffs concerning the tour until the tour began; (6) recommended that Plaintiffs not engage in any excursions not sold through Royal Caribbean; (7) gave Plaintiffs a Royal Caribbean receipt for their tour ticket purchase; and (8) charged and collected the fee for the tour. [ECF No. 99, pp. 17-18 ¶49]. In addition, the Amended Complaint specifically outlines why it was reasonable for Plaintiffs to believe that the tour operators were Royal Caribbean's employees or agents, and that Plaintiffs would not have booked, paid, or participated in

---

[3]       Consistent with the Undersigned's conclusion that the various subparts of the negligence claims -- whereby Plaintiffs allege that many different duties were breached -- survive Defendants' motion to dismiss because at least one of them does, it is likely not necessary to substantively evaluate the allegations supporting Count III, as it is simply an alternative theory supporting negligence liability. The Undersigned evaluates the claim independently nonetheless, as both parties did, because some courts have evaluated each theory of negligence at the motion to dismiss stage, and Plaintiffs did plead this negligence theory as a separate count.

the tour (and not have been injured as a result) had they known the tour was not operated by Royal Caribbean. [*Id.* at pp. 18-19 ¶¶51-52].

These allegations adequately support a theory of "apparent agency" negligence liability, and Royal Caribbean's motion to dismiss Count III is denied.

### d. Count IV, for "Joint Venture," States an Alternative Theory of Negligence Against Royal Caribbean and Rendezvous.

There is no cause of action for "Joint Venture," but, as with Count III, it is clear from review of the substance of the count that Plaintiffs' Count IV simply advances another alternative theory for *negligence* liability -- namely, that because Royal Caribbean and the Excursion Entities were engaged in a joint venture, Royal Caribbean is liable for the Excursion Entities' negligent conduct. [ECF No. 99, p. 21 ¶ 65].

A joint venture theory of negligence liability requires a plaintiff to plead facts showing: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter of the venture; (4) a right to share in profits; and (5) a duty to share in any losses which may be sustained." *Lapidus*, 2012 WL 2193055, at *6 (citing *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990)).

Royal Caribbean argues in its Motion that the Court may consider, at this motion to dismiss stage, a Tour Operator Agreement entered into between Royal Caribbean and Rendezvous related to the Treetop Tour. Doing so could be helpful for Royal

Caribbean here because the Agreement includes a specific provision stating that the parties are not engaging in a joint venture.

A court's review at the motion to dismiss stage is generally limited to the four corners of the complaint, but there is an exception where: (1) a plaintiff refers to a document in the complaint; (2) the document is central to its claim; (3) the document's contents are not in dispute; and (4) the defendant attached the document to its motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (internal citation omitted).

As discussed below, all the elements are not clearly met here. Although the Undersigned is reluctant to say definitively that the Court *cannot* view the Tour Operator Agreement at this stage, the more prudent course is to let the claim stand, at least for now.

On the first factor, Plaintiffs do refer to an "agreement" that Royal Caribbean and Rendezvous entered into, but they do not specifically refer to the Tour Operator Agreement, or even to a written agreement. While Plaintiffs' opposition to the Motion attempts to argue that the Tour Operator Agreement creates a joint venture notwithstanding the clause stating it does not, Plaintiffs' counsel also argued at the Hearing that the word "agreement" in the Amended Complaint did not necessarily refer to the Tour Operator Agreement. This issue is closely tied to the second factor as well.

The Tour Operator Agreement is not necessarily central to Plaintiffs' negligence-liability-by-way-of-joint-venture theory. A joint venture, like a partnership, can be created by express or implied contract, *Williams v. Obstfeld*, 314 F.3d 1270, 1275-76 (11th Cir. 2002), and, as Defense counsel acknowledged at the Hearing, two parties' *could* create a joint venture notwithstanding a prior written contract foreclosing such a possibility. So, while the Tour Operator Agreement specifically states that *it* does not constitute a joint venture, a subsequent course of conduct may have created such a joint venture agreement, and the Amended Complaint only references an "agreement."

While Plaintiffs' counsel acknowledged at the Hearing that the Tour Operator Agreement's contents are not in dispute (the third factor), Royal Caribbean did not actually meet the fourth factor. Royal Caribbean and Rendezvous referenced the Tour Operator Agreement in their motion to dismiss as an exhibit to the Motion, but failed, likely through a clerical error, to actually file it as an exhibit until it was included with the reply brief. It is unnecessary for the Undersigned to conclude definitively that such a clerical error alone could preclude an evaluation of the Tour Operator Agreement where the other three factors are clearly met because the other three factors are *not* clearly met. Royal Caribbean's showing on *several* factors is at the least imperfect. In addition, Defense counsel's own acknowledgement that conduct outside the agreement could give rise to a joint venture undermines Royal Caribbean's position. The more

prudent course at this stage is to not depart from the common maxim that a court's review is limited to the four corners of the complaint.

This conclusion is consistent with a prior ruling by the Undersigned, where the Court did not consider a cruise ship ticket contract on a motion to dismiss because the claim at issue sounded in tort, not contract, and the contract was therefore *not* essential or integral to the plaintiff's claim. *See Gentry v. Carnival Corp.*, No. 11-21580-CIV, 2011 WL 4737062, at *5 (S.D. Fla. Oct. 5, 2011).

Turning to the Amended Complaint, Plaintiffs' allegations support their joint venture theory of liability. Plaintiffs allege that Royal Caribbean and the Excursion Entities had a joint venture whose common purpose was to operate the Treetop Tour for a profit (¶60), and that the Excursion Entities had control over and operated the day-to-day workings of the tour while Royal Caribbean had control over and operated the arrangements, marketing, and sales of the excursion (¶59). In addition, the Complaint alleges that the fee for the tour was split among the Defendants (¶58) and that the Defendants shared any losses sustained by the joint venture (¶62). [ECF No. 99, pp. 20-21]. It also alleges that the parties intended to create a joint venture and had a right to share in the profits. [*Id.* at p. 21 ¶ 64]. These allegations are enough to sustain a joint venture theory of negligence liability.

Defendants' motion to dismiss Count IV, "Joint Venture," is denied.

### e.   Count V, for "Third Party Beneficiary," Fails to State a Claim.

Unlike Counts I to IV, Count V sounds in contract, alleging that Plaintiffs were third party beneficiaries of an agreement between Royal Caribbean and the Excursion Entities, and that they can therefore recover for breach of that agreement.

To properly plead a claim for breach of a third-party beneficiary contract, a plaintiff must allege: (1) the existence of a contract in which plaintiff is not a party, (2) "an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit" the plaintiff, (3) breach of that contract by at least one of the parties, and (4) damages to the plaintiff resulting from that breach. *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011) (internal citation omitted). The third party beneficiary must show that "the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member." *Id.* (internal quotation omitted). If the contract refers to a "well-defined class of readily identifiable persons" that it intends to benefit, then it does not need to specifically mention the third party beneficiary by name. *Id.* (internal quotation omitted).

In addition, "a party's status as a third-party beneficiary may be established by pre-contract and post-contract actions of the parties." *Id.* (internal quotation omitted). For this reason, Defendants' arguments that the Tour Operator Agreement specifically

20

precludes creating any rights for third-party beneficiaries is of little moment. Even if the Undersigned were to consider the Tour Operator Agreement at this stage, it may be that the Third Party Beneficiary relationship was created by actions that Royal Caribbean and Rendezvous took *after* that Agreement was executed. This is bolstered by the fact that the Amended Complaint references a "contract" that created third party beneficiary rights, but does not specifically reference the Tour Operator Agreement.

However, the Amended Complaint's allegations do fail to meet the requirements necessary to state a claim for breach of contract meant to benefit a third party (whether that "contract" is the Tour Operator Agreement or some other, potentially oral, contract). The Amended Complaint alleges that Royal Caribbean and the Excursion Entities entered into a contract that "primarily and directly benefits the third-party Plaintiffs by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care in the operation of the subject shore excursion." [ECF No. 99, p. 22 ¶69]. This is not enough to clearly and specifically express Defendants' intent to **primarily and directly benefit Plaintiffs**. *See, e.g., Aronson v. Celebrity Cruises, Inc.*, No. 12-CV-20129, 2014 WL 3408582, at *14 (S.D. Fla. May 9, 2014).

In *Aronson*, another court in this district dismissed a similar "third party beneficiary claim" where the complaint, drafted by the same law firm that drafted the Amended Complaint, contained a similar allegation that the contract required the excursion entity to "exercise reasonable care in operation of the subject excursion." In

21

the Amended Complaint, Plaintiffs have simply added one more allegation -- that the Excursion Entities had to maintain insurance. This is not enough to nudge this claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

The Third Party Beneficiary claim is dismissed because it fails to plead factual allegations that "raise a right to relief above the speculative level." *Id.* at 555.

### III.  Conclusion

For the reasons stated above, it is **ORDERED** and **ADJUDGED** that:

1)  The Motion to Dismiss Count I, for Negligence by Royal Caribbean, is **DENIED.**

2)  The Motion to Dismiss Count II, for Negligence by Rendezvous, is **DENIED.**

3)  The Motion to Dismiss Count III, for negligence via a theory of "Apparent Agency or Agency by Estoppel" against Royal Caribbean is **DENIED.**

4)  The Motion to Dismiss Count IV, for negligence via a theory of "Joint Venture" against Royal Caribbean and Rendezvous is **DENIED**.

5)  The Motion to Dismiss Count V, for breach of a contract to benefit a third party, is **GRANTED**. Plaintiffs may replead this claim in a second amended complaint

provided that, consistent with their Federal Rule of Civil Procedure 11 obligations, they can allege sufficient facts to support the claim.

**DONE AND ORDERED** in Chambers, in Miami, Florida, November 25, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

23